UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DRZIK,<br><br>Plaintiff,<br><br>v.<br><br>SAMHAR ASSAF, Individually, and as an Agent or Employee of RTS HOLDINGS, LLC d/b/a ROADONE INTERMODALLOGISTICS, RTS HOLDINGS, LLC d/b/a ROADONE INTERMODALLOGISTICS, and DIRECT CHASSISLINK, INC.,<br><br>Defendants. | No. 26 C 00363<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

This case arose after the vehicle of Plaintiff Michael Drzik ("Drzik") was struck by a wheel that detached from a semi-truck driven by Defendant Samhar Assaf ("Assaf"). In addition to Assaf himself, Drzik sued Assaf's employer RTS Holdings, and Direct ChassisLink, Inc. ("DCLI"), the owner of the chassis from which the wheel separated. Defendants have since asserted crossclaims against one another. Before the Court is DCLI's motion to dismiss Count II of Assaf's amended crossclaim. For the following reasons, the motion is granted.

**Legal Standard**

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (citation omitted). A complaint must provide "a short and plain statement of the claim showing that the

pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While detailed factual allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

**Background**

On September 25, 2024, Assaf was driving a semi-truck southbound on Interstate 294. R. 35 at 10. The truck consisted of a tractor registered to Assaf's employer and an intermodal chassis[1] owned by DCLI. *Id.* As Assaf proceeded, a wheel detached from the chassis, entering the northbound lanes of I-294, and striking Drzik's vehicle, causing the collision underlying this lawsuit. *Id.*

On November 3, 2025, Drzik filed a complaint against Defendants. R. 1. Subsequently, multiple crossclaims have been filed by the Defendants, including a crossclaim by Assaf against DCLI. R. 35. DCLI now moves to dismiss Count II of Assaf's amended crossclaim, which alleges that DCLI's violations of the Federal

[1] An intermodal chassis is a wheeled metal frame used to transport shipping containers by truck.

Motor Carrier Safety Regulations ("FMCSRs") caused the injuries alleged in Drzik's complaint and resulted in Assaf incurring expenses defending against Drzik's claims R. 35 at 10.

**Discussion**

DCLI argues—and Assaf does not dispute—that the FMCSRs do not create a private right of action. R. 38, R. 43. Instead, Assaf argues that Count II states a claim for negligence under Illinois law because DCLI's regulatory violations caused Plaintiff's injuries, which in turn caused Assaf to incur litigation expenses. R. 43. As a general matter, a violation of the FMCSRs can support a negligence claim under Illinois law. *See Kalata v. Anheuser-Busch Cos.*, 144 Ill. 2d 425, 434–35 (1991); *Camp v. TNT Logistics Corp.*, 553 F.3d 502, 506 & n.1 (7th Cir. 2009) (construing FMCSR claim as negligence claim under Illinois law). To state a negligence claim based on a regulatory violation, a party must allege that (1) he belongs to the class of people the provision was designed to protect; (2) his injury is of the type the provision was designed to prevent; and (3) the violation proximately caused his injury. *Camp*, 553 F.3d at 506. Because Assaf has not alleged an injury of the type the FMCSRs were designed to prevent, Count II must be dismissed.

The FMCSRs at issue are intended to promote the safety of commercial motor vehicles, reduce highway injuries and property damage, and ensure that intermodal equipment is safe and systematically maintained. *See* 49 U.S.C. §§ 31131(b)(1), 31151(a)(1). Assaf does not allege that *he* suffered any physical injury or property damage from DCLI's negligence. Rather, he alleges that DCLI's regulatory violations caused *Drzik's* injuries, which in turn caused Assaf to incur litigation expenses. R. 35

at 10. But Assaf cannot rely on Drzik's injuries to establish that he suffered an injury of the type the FMCSRs were intended to prevent. *See Gillman v. Chicago R. Co.*, 268 Ill. 305, 309 (1915) ("To constitute a tort there must be the invasion of a legal right *of the plaintiff*") (emphasis added).

Nor can Assaf establish the requisite injury by relying on his own litigation expenses. While requiring DCLI to bear those expenses might encourage compliance with the FMCSRs, the relevant inquiry is not simply whether imposing liability would further the regulations' general objectives, but whether Assaf's alleged injury is of the type that the regulations were intended to prevent. *See Kalata*, 144 Ill. 2d at 434–35. As discussed, the FMCSRs were implemented to prevent property damage and bodily injury on highways, not to protect defendants from litigation expenses when those injuries occur. Assaf's litigation expenses, however causally connected to DCLI's alleged regulatory violations, do not constitute an injury of the type contemplated by the FMCSRs and thus cannot support his negligence claim.[2]

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss Count II is granted. Assaf may file an amended crossclaim by November 24, 2026, if he believes he can cure the deficiencies identified herein.

---

[2] Assaf's own description of the FMCSRs' purpose reinforces this distinction. He observes that the FMCSRs are "safety regulations designed to prevent unsafe commercial motor vehicle and intermodal equipment conditions on public highways." R. 43 at 8. He further argues that the wheel separation alleged in Drzik's complaint is "precisely the type of harm that [the FMCSRs] are designed to prevent." *Id.* Nowhere, however, does he suggest that the regulations were intended to protect against derivative litigation expenses incurred by defendants when unsafe equipment causes injuries to others.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: October 21, 2026