UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DRZIK,<br><br>Plaintiff,<br><br>v.<br><br>SAMHAR ASSAF, INDIVIDUALLY, AND AS AN AGENT OR EMPLOYEE OF RTS HOLDINGS, LLC D/B/A ROADONE INTERMODALLOGISTICS,<br>RTS Holdings, LLC D/B/A ROADONE INTERMODALLOGISTICS, AND<br>DIRECT CHASSISLINK, INC.,<br><br>Defendants. | No. 1:26-cv-00363<br><br>Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

This case arose after the vehicle of Plaintiff Michael Drzik ("Drzik") was struck by a wheel that detached from a semi-truck driven by Defendant Samhar Assaf ("Assaf"). In addition to Assaf himself, Drzik sued Assaf's employer RTS Holdings, LLC ("RTS"), and Direct ChassisLink, Inc. ("DCLI"), the owner of the chassis from which the wheel separated. Defendants have since asserted crossclaims against one another. Before the Court is DCLI's motion to dismiss Counts II, III, and IV of RTS's amended crossclaim. For the following reasons, the motion is denied as to Count II and granted as to Counts III and IV.

### Legal Standard

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (citation omitted). A

complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While detailed factual allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

**Background**

On September 25, 2024, Assaf was driving a semi-truck southbound on Interstate 294. R. 35 at 10. The truck consisted of a tractor registered to Assaf's employer and an intermodal chassis[1] owned by DCLI. *Id.* As Assaf proceeded, a wheel detached from the chassis, entering the northbound lanes of I-294, and striking Drzik's vehicle, causing the collision underlying this lawsuit. *Id.*

On November 3, 2025, Drzik filed a complaint against Defendants. R. 1. Subsequently, multiple crossclaims have been filed by the Defendants, including a

[1] An intermodal chassis is a wheeled metal frame used to transport shipping containers by truck.

crossclaim by RTS against DCLI. R. 34. DCLI now moves to dismiss Counts II–IV of RTS's amended crossclaim.

Count II alleges that DCLI breached its contractual obligations under the Uniform Intermodal Interchange and Facilities Access Agreement ("UIIA"), a multilateral agreement governing the use and maintenance of intermodal chassis. *Id.* at 21–22. Count III seeks declaratory judgment regarding UIIA indemnity. *Id.* at 23–24. And Count IV alleges that DCLI's violations of the Federal Motor Carrier Safety Regulations ("FMCSRs") caused the injuries alleged in Drzik's complaint and resulted in RTS incurring expenses defending against Drzik's claims. *Id.* at 24–25.

## Discussion

### I. Counts III and IV

In response to DCLI's motion to dismiss, RTS expressly withdrew Count III of the amended crossclaim. R. 44 at 2. Count III is therefore dismissed.

Count IV alleges negligence based on DCLI's violations of the Federal Motor Carrier Safety Regulations ("FMCSRs"). Like Assaf's previously dismissed claim, RTS alleges that DCLI's violations caused Drzik's injuries and thereby exposed RTS to litigation expenses and potential liability. *Compare* R. 34 and R. 35. For the reasons explained in the Court's Order dismissing Count II of Assaf's amended crossclaim, RTS's claimed injuries do not qualify for relief under the FMCSRs. *See* R. 59. Count IV is therefore dismissed.

### II. Count II

DCLI argues that Count II fails to state a claim for breach of contract because DCLI is not a party to the UIIA. R. 41. DCLI raises two primary arguments in support

of its position: first, that it is not a signatory to the UIIA and second that it is not a "Provider" under the UIIA.

At this stage, the Court rejects DCLI's argument that it is not a UIIA signatory. RTS's amended crossclaim alleges that DCLI is a UIIA party which supports the inference that it is a signatory. R. 34 at 21; *see also* R. 41-1 at 8 (defining "Parties" as Providers, Motor Carriers, or Facility Operators who are signatories to the UIIA).[2] Aside from the assertions of counsel, DCLI offers no support for its contention that it is not a UIIA signatory. *See In re Morris Paint & Varnish Co.*, 773 F.2d 130, 134 (7th Cir. 1985) ("Arguments and factual assertions made by counsel in a brief, unsupported by affidavits, cannot be given any weight."). Accordingly, the Court draws the reasonable inference that DCLI is a signatory.

The Court is similarly unpersuaded by DCLI's argument that it is not a "Provider." Under the UIIA, a "Provider" is a party which "authoriz[es] delivery and/or receipt of physical possession of Equipment with a Motor Carrier." R. 41-1 at 8. RTS's amended crossclaim alleges that DCLI is a "Provider" under the UIIA and further asserts that DCLI "plac[es] intermodal chassis and trailer equipment into service for use by authorized motor carriers." R. 34 at 21. These allegations support a reasonable inference that DCLI authorized the delivery or receipt of equipment with Motor Carriers and thus qualifies as a Provider under the UIIA. Although DCLI

[2] In support of its motion, DCLI attached a blank copy of the UIIA. R. 41-1. Because RTS does not challenge the applicability of the cited provisions, the Court considers them for the purposes of resolving this motion. In doing so, however, the Court does not determine which version of the UIIA governed the parties' relationship or whether DCLI was bound by its terms.

denies having authorized any such delivery or receipt, R. 41 at 4, that factual dispute cannot be resolved at this stage.

DCLI alternatively argues that Count II fails because the UIIA expressly disclaims warranties concerning the fitness of interchanged equipment. R. 41 at 5–6. Although Section D.3(a) disclaims express and implied warranties of fitness, the same provision also states that the parties "agree that they shall not interchange equipment unless they have complied with the FMCSRs." *Id.* RTS alleges that DCLI breached this obligation by interchanging a chassis that did not comply with the FMCSRs. R. 34 at 21. While RTS also references a breach of warranty, "[t]he Federal Rules of Civil Procedure do not require a plaintiff to plead legal theories." *Vidimos, Inc. v. Laser Lab*, 99 F.3d 217, 222 (7th Cir. 1996). Because RTS expressly alleges that DCLI "agreed" not to interchange noncompliant equipment, its characterization of that obligation as a warranty does not preclude it from pursuing a claim based on the contractual promise identified in its pleading. R. 34 at 21. Accordingly, the disclaimer does not warrant dismissal of Count II.

## Conclusion

For the foregoing reasons, DCLI's motion to dismiss is granted as to Counts III and IV and denied as to Count II. RTS may file a second amended crossclaim by November 24, 2026, if it believes it can cure the deficiencies identified herein.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: October 21, 2026